UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT CANNIOTO and
BONNIE CANNIOTO,

    Plaintiffs,

v.                                          Case No.  8:09-cv-1892-T-30TBM

LOUISVILLE LADDER, INC. and
THE HOME DEPOT USA, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Costs (Dkt. 81) and Plaintiffs' Objection (Dkt. 84). The Court, having reviewed the motion, objection, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

Defendants seek $9,451.08 in costs. Plaintiffs object to $1,756.20 of these costs because they were generated for counsel's convenience. Plaintiffs further object to $2,910.92 of these costs because expert witness fees for non-court-appointed expert witnesses are not recoverable under §1920. The Court agrees that these costs should not be recovered.

A prevailing party may recover various costs, including fees of the clerk and fees for printed or electronically recorded transcripts and copies necessarily obtained for use in the

case. 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d)(1). However, costs incurred for the convenience of counsel are not taxable. *Lehman Bros. Holdings v. Hirota,* No. 8:06–CV–2030–T–24–MSS, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010) (citation omitted).

Here, Defendants seek costs in the amount of $1,756.20 for delivery, shipping and handling, postage, copying of deposition exhibits, charges for condensed transcripts, CD Roms, DVDs, and ASCII disks, associated with depositions taken in this case. Defendants' motion does not explain how these costs were necessarily incurred in this case. And they appear on their face to be costs incurred for Defendants' convenience. Accordingly, Plaintiffs should not be required to pay these costs.

As Plaintiffs point out, Defendants also should not recover $2,910.92 for reimbursement of expert witness fees for non-court-appointed expert witnesses. These fees are not compensable under §1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Harman v. Gee*, No. 8:09-CV-1205-T-30EAJ, 2010 WL 3998096, at *1 (M.D. Fla. Oct. 12, 2010).

Accordingly, the total amount of costs will be reduced by $4,667.12, from $9,451.08 to $4,783.96.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Costs (Dkt. 81) is GRANTED in part and DENIED in part.

2. The CLERK is directed to enter judgment in favor of Defendants and against Plaintiffs, jointly and severally, in the amount of $4,783.96.  This amount shall accrue post-judgment interest at the federal statutory rate.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1892.mtcosts81.frm